**U.S. DISTRICT COURT EASTERN VIRGINIA**
Alexandria

| | |
|---|---|
| PAUL BOYNE<br>    *Plaintiff,*<br><br>v<br><br>MICHAEL SPONHEIMER,<br>in his individual and official<br>capacity as state trooper,<br>    *Defendant,* | **COMPLAINT**<br><br>**JURY DEMAND**<br><br>Civil Case #<br>1:22CV905 |



Plaintiff, Paul Boyne, appearing pro se, for complaint against defendant Senior Special Agent Virginia Trooper Michael A. Sponheimer, Jr. alleges as follows:

### INTRODUCTION AND PARTIES

1. Mr. Boyne is a citizen residing in this district.

2. Trooper Sponheimer is a Virginia State Trooper who swore application for search warrant on claim of criminal conduct of plaintiff violating First, Fourth, Fifth, and Fourteenth Amendment protections, concealing material information from Saylor,J of Virginia's 19th Circuit Court, Fairfax County, deprivation of rights under color of vague and unconstitutional state penal statute §18.2-60.

3. Mr. Boyne brings action against Trooper Sponheimer seeking compensatory damages, declaratory judgment, punitive damages, other damages deemed

just and proper, and attorney fees pursuant to 42 USC §1983 and 42 USC §1988 for violations of constitutionally protected civil rights of free speech under First Amendment, unreasonable search under Fourth Amendment, lack of due process under Fifth Amendment, denial of federal protections under Fourteenth Amendment, violation of Third Enforcement Act of 1871, (Ku Klux Klan Act) 18 USC §242, notwithstanding.

## JURISDICTION AND VENUE

4. This action is brought under 42 USC §1983, 42 USC §1988, First, Fourth, Fifth, and Fourteenth Amendments of the federal Constitution.

5. The jurisdiction of this Court is per 28 USC §1331, 28 USC §1343, and 42 USC §1983. The Court has jurisdiction for declaratory relief pursuant to 28 USC §§2201, 2202.

6. Mr. Boyne further invokes Court's pendent jurisdiction, pursuant to 28 USC §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

7. Venue is proper in D. Eastern Virginia per 28 USC §1391(b) as all acts, omissions, and deprivations occurred in the district.

## FACTUAL BACKGROUND

8. On 28 June, Sponheimer did present sworn affidavit in application for search warrant falsely alleging plaintiff's violation of VA Code §18.2-60 A 2, knowingly communicating threats of bodily harm, claiming that search will reveal evidence of the crime.

9. On 30 June, at approximately 0515, in darkness, SWAT team broke down the door of the subject residence in execution of sealed warrant. Sponheimer proceeded in seizing computers, accessories, and a cell phone.

10. Execution of warrant involved no peaceful attempt, no identification of police, no reasonable request for entry, no refusal of entry, no reasonable time to answer violent pounding on door, aiming rifle with scope light at Mr. Boyne's head thru side window is unreasonable, 4A violation.

11. Action by Sponheimer is continued course of conduct of federal search conducted in January 2017, under EDVA warrant, 2017-SW-14, issued by USMJ Buchanan based on affidavit of FBI SA Lisa Tutty, on similar claims, allegations of criminal conduct based on agent's 'training & experience'.

12. Sponheimer admits knowing of 2017 FBI search, stating he did his homework. Sponheimer was accompanied by deputized federal agent Samantha McCord in execution of warrant.

13. Sponheimer intentionally concealed from Saylor,J material fact that two 87 year old citizens occupy the residence to further his claim of exigent

circumstances, for good cause to execute outside of 8-5 daylight requirements, excuse to employ SWAT team, create drama and spectacle, for no purpose at law, other than governmental action to chill speech.

14. Claim of exigent circumstances requiring SWAT raid in time of darkness to prevent destruction of evidence or claim of anticipated fire fight being without merit, disposal of computers and other electronic devices cannot be achieved by toilet flush, as illegal drugs, the only cited justification of cause under state statutory protections, VA Code §19.2-56B.

15. VA Code §18.2-60 A 2 derives from 'model penal code' of the American Law Institute, in defiance of First Amendment jurisprudence, being vague, over broad, and unconstitutional, as found by Kansas Supreme Court, *State v Boettenger, 450 P 3d 805*, citing *State v Johnson, 450 P 3d 790*, cert denied. See amicus brief by Virginia Solicitor General Toby Heytens. Note the model code was conceived by private parties in 1961, predating fax machines and the internet, adopted by Virginia in 1975, only state case law *Holcomb, 58 Va App 339,* being flawed in light of *Cassidy, supra* and *Elonis v US,575 U.S. 723 (2015).*

## CLAIMS FOR RELIEF
## Violation of Rights

16. Items 1-16 incorporated herein.

17. Defendant acted illegally in hunting free speech under color of 'model penal code' in deprivation of First Amendment, on un-sworn complaint of Connecticut Trooper Samantha McCord, against plaintiff's protected rights of expression in advocacy, explained by USDJ Roger Titus in *U.S. v Cassidy, 814 F Supp 2d 574, D. Maryland (2011)*, defining status of blogs in cyberspace, private bulletin board, read voluntarily.

18. Defendant committed fraud by falsely obtaining warrant, concealing material information from the court. To wit: Blog in question is protected under 1A by *Cassidy, supra*; representing political speech as unprotected 'true threat' form based on un-educated personal opinion is malicious misconduct, perjury, intent to defraud; concealing material information of elderly occupants of residence being malicious, in false claim of good cause to employ SWAT team, a drama element solely designed to chill expression of others, criticism of ruling elite brings down SWAT raid on speaker, 1A defeated, government retaliation obvious; breaking down front door being unreasonable execution of warrant against 4A protection, no refusal to entry made, no identification of a police officer, no reasonable time to attend to front door, targeting plaintiff's head with illuminated rifle sight thru door side window being governmental terrorism; claim of exigent circumstances fabricated by defendant, violent execution of warrant unreasonable.

19. Defendant's application for warrant to obtain fruits of a crime being fraudulent, as all known information regarding blog already known, obtained by warrants on third parties, from D. Connecticut and Connecticut Superior Court in August '21 and January '22, no specific legal cause cited for obtaining plaintiff's computers, no reason to seize plaintiff's cell phone, other to harass and intimidate, directed by unscrupulous state actors in Connecticut who have been complaining about plaintiff's political speech since 2015, see *EDVA 2017-SW-14*.

20. Contrary to defendant's claim of evidence obtained in search leads to proof of crime, it has been forty days hence, no charges filed.

## DEMAND FOR JURY TRIAL

21. Per Rule 38 of the Federal Rules of Civil Procedure, jury trial demanded.

## PRAYER FOR RELIEF

Plaintiff, Paul Boyne, prays for relief and demands judgment as follows:

1. Mr. Boyne be awarded compensatory damages against defendant in an amount to be determined at trial;

2. Mr. Boyne be awarded punitive damages against defendant in an amount to be determined at trial;

3. That this Court, pursuant to 42 USC §1988, issue and order awarding plaintiff reasonable attorneys' fees, together with the costs of this action against defendant; and

4. Court award such further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

Dated: August 8, 2022

Paul Boyne
8105 Creekview Drive
Springfield, VA 22153
(703) 569 2554
paboyne@gmail.com

## GHOSTWRITER CERTIFICATION
I declare under penalty of perjury that:
(1) No attorney has prepared, or assisted in the preparation of this document.

_____
Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)

Local Rule 83-1(M) is unrelated to litigation, not recited under redress clause of First Amendment, has no relevance to the instant matter, does not create a bar to court access, where the plaintiff herein finds no legal description of 'no attorney', as a matter of due process, given the plaintiff has no involvement in regulation of attorneys related to this court.