UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PAUL BOYNE,<br>*Plaintiff*,<br><br>v.<br><br>MICHAEL SPONHEIMER,<br>*Defendant.* | 1:22-cv-00905-MSN-WEF |
| PAUL BOYNE,<br>*Plaintiff*,<br><br>v.<br><br>SAMANTHA MCCORD,<br>*Defendant.* | 1:22-cv-01021-MSN-WEF |

## **ORDER**

*Pro se* Plaintiff Paul Boyne initiated this action on August 9, 2022 alleging violations of his constitutional rights. *See* (No. 1:22-cv-905, Dkt. No. 1) at 2. On September 22, 2022, the Court denied plaintiff's Motion for Review (Rule 72) (No. 1:22-cv-905, Dkt. No. 12) and Motion for Leave to Proceed In Forma Pauperis (No. 1:22-cv-1021, Dkt. No. 2) as moot. (No. 1:22-cv-905, Dkt. No. 14 at 1–2). The Court also consolidated this action with Case No. 1:22-cv-1021. *See* (No. 1:22-cv-1021, Dkt. No. 10). The Order advised Plaintiff that he could file a renewed application to proceed *in forma pauperis* on or before October 7, 2022, using Form AO 239, and that failure to either pay the Court's filing fee or file a renewed application to proceed *in forma pauperis* would result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b). *Id.* Plaintiff failed to pay the Court's filing fee or file a renewed application to proceed *in forma pauperis* as directed by the Court by October 7, 2022.

Pursuant to Fed. R. Civ. P. 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Kistner v. Harris*, No. 3:11-cv-663, 2012 WL 4343464, at *1 (E.D. Va. Sept. 21, 2012); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "To determine whether dismissal for failure to prosecute constitutes an appropriate sanction, courts must consider four factors: '(1) the plaintiffs degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.'" *Kistner*, 2012 WL 4343464, at *1 (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)). "'A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Id.* at *2 (quoting *Taylor v. Huffman*, No. 95–6380, 1997 WL 407801, at *1 (4th Cir. 1997)). A plaintiff's failure to comply with a court order despite warning that failure to comply may result in dismissal constitutes grounds for dismissal of the action pursuant to Rule 41(b). *Id.*; *Bethel v. Dep't of State Police Sex Offender Registry*, 544 F. App'x 234, 235 (4th Cir. 2013); *see also Waters v. Camacho*, 288 F.R.D. 70 (S.D.N.Y. Jan. 4, 2013) (dismissal for failure to pay statutory filing fee).

The Court expressly ordered Plaintiff to pay the Court's filing fee or file a renewed motion to proceed *in forma pauperis* in its September 22, 2022 Order, and explicitly warned the case would be dismissed for failure to comply. (No. 1:22-cv-905, Dkt. No. 14 at 1–2). Plaintiff failed to obey this Court's order.

For the reasons stated above, it is hereby

ORDERED that Civil Action Nos. 1:22-cv-905 and 1:22-cv-1021 are DISMISSED; it is further

ORDERED that all outstanding motions in Civil Action No. 1:22-cv-905 (Dkt. Nos. 7, 8, 9, 10, 11, 16, 17, 19, 21) are DENIED AS MOOT; it is further

ORDERED that all outstanding motions in Civil Action No. 1:22-cv-1021 (Dkt. Nos. 3, 5, 7) are DENIED AS MOOT.

It is SO ORDERED.

The Clerk is directed to send a copy of this Order to plaintiff, *pro se*.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

October 18, 2022
Alexandria, Virginia